IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

GERALD LEE KYLE,                                              PLAINTIFF,

VS.                                              CIVIL ACTION NO. 2:09CV014-P-S

CIRCUS CIRCUS MISSISSIPPI, INC. d/b/a
GOLD STRIKE CASINO RESORT,                                    DEFENDANT.

## MEMORANDUM OPNION

This matter comes before the court upon the defendant's January 19, 2010 motion for summary judgment [33]. After due consideration of the motion and the responses filed thereto, the court is prepared to rule.

## I. FACTUAL BACKGROUND

The plaintiff filed the instant action on January 22, 2009 alleging he was discharged by his employer in retaliation for reporting larceny and federal income tax evasion. He does not assert a cause of action pursuant to Title VII, but rather the Mississippi whistle-blower counterpart, known as the McArn exception to the employment-at-will doctrine announced in *McArn v. Allied Bruce-Terminix Co., Inc.*, 626 So.2d 603 (Miss. 1993).

The plaintiff was the poker room manager at Gold Strike Casino. On or about January 10, 2008 the plaintiff's immediate supervisor, Ken Lambert, suspended the plaintiff ostensibly for failing to timely notify him or casino surveillance that 32 decks of cards were missing from the poker room in violation of casino policy and Mississippi's gaming regulations requiring reporting of such events "immediately" – *i.e.*, within 15 minutes. On January 22, 2010 Nathalie Gorden, Human Resources Director, made the decision to discharge the plaintiff for his failure to report the missing card decks in a timely manner.

1

The plaintiff alleges that he knew the cards were not actually missing which is why he did not want to report them to surveillance or to Ken Lambert. After the plaintiff informed his supervisor, Lambert, a day or two after he first discovered the cards were thought to be missing, it was determined by surveillance that there were no missing decks and that the card deck vendor had erroneously sent one of the boxes only partially filled. The defendant insists that the plaintiff was discharged not because there were actually 32 card decks missing, but rather because the plaintiff failed to notify his supervisor or surveillance in a timely manner.

The plaintiff avers that the card deck event was a pretext for terminating him and that he was in reality terminated in retaliation for reporting illegal activity to his superiors and to the IRS.

More specifically, in January 2007 Gold Strike hosted the World Poker Open, a large poker tournament. The practice in the poker department was to pool all the tips and then distribute them to the poker room employees. The plaintiff avers that Johnny Grooms, the Tournament Director, had promised him eight shares of the tip pool which were worth $1100 each, but he only received seven shares. In response, the plaintiff complained to his immediate supervisor, Ken Lambert, who thereafter – according to the plaintiff – began being "overtly dissatisfied" with the plaintiff's work performance.

In March 2007 the plaintiff wrote a letter to the casino's CFO, Eric Wolfman, regarding his claim that he was owed one additional tip pool share. In the letter he asked for an accounting of the tip pool money. It is undisputed that the plaintiff never explicitly mentioned any accusations of larceny for Lambert and Grooms's failure to give him eight $1100 shares or accusations of tax evasion for failure of poker room employees to report their tip shares to the IRS.

CFO Wolfman forwarded the complaint letter to Rogena Barnes, Regional VP of Human

Resources whereupon Barnes began an investigation. During this investigation Barnes concluded, among other things, that the poker department had not been keeping a detailed accounting of the tip pool payments and there was no evidence the tips had been reported to the IRS unless the employees had individually done so. During a meeting with Barnes, the plaintiff brought a copy of a case from the IRS website wherein the IRS concluded that a strip club ran afoul of tax laws for failing to report tips.

Barnes's investigation also revealed that according to Ken Lambert, several of the plaintiff's subordinate shift supervisors had complained about the plaintiff's management style. Barnes assigned Lisa Ross to investigate this claim, who interviewed the subordinates and verified the complaints.

Lisa Ross then gave the plaintiff a list of issues in the poker department, addressing the subordinates' complaints. In October 2007 Ken Lambert and Nathalie Gorden met with the plaintiff to discuss a performance improvement plan.

On November 9, 2007 the plaintiff wrote a letter to the IRS . The letter alleges that Gold Strike was not reporting the tip pool money from the poker tournaments to the IRS and that the plaintiff was concerned that his employer was trying to find a way to fire him for complaining about it. It is undisputed that the plaintiff did not give a copy of this letter to anyone at the casino, nor is there any allegation that he otherwise informed any of his superiors – *i.e.,* CFO Wolfman, Ken Lambert, HR Director Nathalie Gorden, or Rogena Barnes – that he sent the letter to the IRS. Furthermore, it is undisputed that the plaintiff was never contacted by the IRS in response to the letter, nor is there any evidence that the IRS otherwise investigated the allegations contained in the letter.

3

It was in early January 2008, approximately two months later, that the missing card deck event led to the plaintiff's termination.

## II. DISCUSSION

### A. Summary Judgment Standards

Summary judgment should be entered only if "[t]here is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment has the initial burden of demonstrating through the evidentiary materials that there is no actual dispute as to any material fact in the case. *Celotex Corp. v. Catrett*, 477 U.S. 3l7, 323 (l986). On motion for summary judgment, "[t]he inquiry performed is the threshold inquiry of determining whether there is a need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (l986). In determining whether this burden has been met, the court should view the evidence introduced and all factual inferences from that evidence in the light most favorable to the party opposing the motion. *Id*. Furthermore, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

The summary judgment procedure does not authorize trial by affidavit. Rather, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict." *Anderson*, 477 U.S. at 255. Accordingly, a court may not decide any factual

4

issues found in the record on motion for summary judgment, but if such material issues are present, the court must deny the motion and proceed to trial. *Impossible Elec. Tech. v. Wackenhut Protection Systems*, 669 F.2d l026, l03l (5th Cir. l982); *Environmental Defense Fund v. Marsh*, 65l F.2d 983, 99l (5th Cir. l98l); *Lighting Fixture & Electric Supply Co. v. Continental Ins. Co.*, 420 F.2d l2ll, l2l3 (5th Cir. l969).

Under the provisions of Federal Rule of Civil Procedure 56(e), a party against whom a motion for summary judgment is made may not merely rest upon his pleadings, but must, by affidavit, or other materials as provided in Rule 56, inform the court of specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324.

Summary judgment is not proper if a dispute about a material fact is "genuine," or in other words the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248. There is no such issue unless the evidence sufficiently supports the non-moving party's version of the facts for a jury to return a verdict in the non-moving party's favor. *Id.* at 249. The relevant inquiry is whether or not there is sufficient disagreement on the facts to submit them to the jury or whether it is so one-sided that one party should prevail as a matter of law. *Id.* at 251. The issue must be genuine, and not pretended, and the evidence relied on to create such an issue must be substantial. *Southern Distributing Co. v. Southdown, Inc.*, 574 F.2d 824, 826 (5th Cir. 1978).

**B. The McArn Exception to Employment-at-Will Doctrine**

In *McArn v. Allied Bruce-Terminix Co., Inc.*, 626 So.2d 603, 607 (Miss. 1993), the Mississippi Supreme Court announced an exception to the employment-at-will doctrine in Mississippi: "[A]n employee who is discharged for reporting illegal acts of his employer to the employer or anyone else is not barred by the employment at will doctrine from bringing action in tort for damages against his employer."

In *Hammons v. Fleetwood Homes of Mississippi, Inc.*, 907 So.2d 357, 360 (Miss. Ct. App. 2005), the Mississippi Court of Appeals ruled that an employee must prove that he complained of employer acts that "warrant the imposition of criminal penalties, as opposed to mere civil penalties" which caused his discharge.

In *Wheeler v. BL Development Corporation*, 415 F.3d 399 (5th Cir. 2005), a case involving the same plaintiff counsel as in the instant case, the Fifth Circuit Court of Appeals concluded that the McArn exception requires that the alleged reported activity be actually criminal in nature. The Court in *Wheeler* specifically denounced a good-faith standard by concluding that *Willard v. Paracelsus Health Care Corp.*, 681 So.2d 539 (Miss. 1996) ("Willard I") did not stand for the proposition that the McArn exception only requires employees to reasonably believe that the complained-of activity is criminally illegal. *Wheeler*, 415 F.3d at 403.

In his Complaint, the plaintiff alleges that his superiors' decision to give him one less $1100 share after the World Poker Open amounted to larceny. He does not allege that he called it larceny or that he otherwise suggested that the decision to give him less was criminal in nature when he complained to his superiors at the casino.

The plaintiff has cited no statute or case law supporting his larceny claim. According to Mississippi Code Annotated §97-17-41, grand larceny occurs when a person takes and carries away

6

the personal property of another valued at $500.00 or more. Presumably, since the plaintiff alleges he received one less share worth $1100.00, he is alleging grand larceny. It is undisputed that the casino had delegated to Ken Lambert and/or Johnny Grooms the discretion to decide how to divide and distribute the tip money. Even assuming that Mr. Grooms initially told the plaintiff he would get eight shares instead of the seven he actually received, the plaintiff has cited no authority for the proposition that such a transaction is criminal in nature, especially given the discretionary nature of the tip pool distribution.

The plaintiff also alleges that he complained to his employer of criminal tax evasion by virtue of (1) making passing reference in his March 2007 letter to CFO Wolfman that he, the plaintiff, had reported his tip income and that he hoped other employees had as well; (2) bringing a case printed from the IRS website regarding a strip club found criminally liable for failing to report tips to Rogena Barnes, the VP of Human Resources; and (3) writing a letter to the IRS in November 2007 alleging the casino had not reported the tip pool income.

However, as with the larceny charge, the plaintiff has never cited a statute or case law demonstrating that mere failure to report income is criminal in nature. Nowhere in his brief in opposition to the defendant's motion for summary judgment does the plaintiff demonstrate that the plaintiff's tax related allegations violate a specific statute or court precedent. Nor has the plaintiff disputed that the casino paid taxes on the 2008 World Poker Open tip pool in 2008 and/or 2009.

If the plaintiff is alleging income tax evasion, which the court can only guess given the lack of specificity of the plaintiff's allegations, the government must prove the following elements to convict a person for income tax evasion: (1) willfulness, (2) the existence of a tax deficiency, and (3) an affirmative act constituting the evasion or attempted evasion of the tax. *U.S. v. Klausner*, 80

F.3d 55, 61 (5th Cir. 1996). The plaintiff has not shown willfulness, as opposed to negligence, especially in light that it is undisputed that the casino corrected the accounting procedures for the poker tournament tip pool distribution and ultimately paid the taxes in 2008 and/or 2009.

Given the plaintiff's lack of specificity on the larceny and tax evasion allegations, the court concludes that the McArn exception to the employment-at-will doctrine does not apply in this case. Even after viewing the facts in a light most favorable to the plaintiff, the plaintiff's claim fails as a matter of law since the plaintiff did not demonstrate with substantial evidence or citation to binding statutory and/or case law that the activities the plaintiff complained of to his employer "warrant[ed] the imposition of criminal penalties, as opposed to mere civil penalties," which is required for a McArn claim. As the Fifth Circuit explained in *Wheeler v. BL Development Corporation*, *supra*, a mere good-faith belief that employer activity is criminally illegal without showing the activity to be actually criminal in nature is insufficient to provide recourse to a discharged plaintiff under the McArn exception. This court is bound by that decision.

### III. CONCLUSION

For the reasons discussed above, the court concludes that the plaintiff's claim in this lawsuit fails as a matter of law. Accordingly, a Final Judgment shall issue forthwith,

**THIS DAY** of June 15, 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE